## Thilow Estate

*Robert F. Jackson,* for petitioner.

*Joseph I. Diamond* and *Richard W. Thorington,* for respondent.

VAN RODEN, P. J., April 29, 1963.—Pursuant to a petition filed by the attorney of record for three beneficaries of decedent's estate, a citation was awarded by this court directed to the Bryn Mawr Trust Company, the executor of decedent's estate, to show cause why certain satisfactions of award should not be removed from the record, the entries of satisfaction expunged from the record, the satisfactions redelivered to petitioner as attorney for the parties in interest, and payment of the amounts of the awards made to the petitioner as attorney of record for the parties in interest upon redelivery of the satisfactions.

An answer to the said petition avers that the satisfactions were properly executed by petitioner's clients and forwarded to the executor, that checks covering payment of the respective distributive shares of the said beneficiaries were drawn to the order of petitioner's clients, sent to the petitioner but returned by him, and that said checks are being held by the execu-

tor for redelivery to the petitioner or for such other disposition as the court may direct.

Thus, the issue here involved is the propriety of the action of the executor in making distribution checks payable to the order of the respective beneficiaries and delivering same to petitioner as their attorney, rather than making the checks payable to the order of the petitioner as attorney for the distributees, as demanded by him.

This matter came on to be heard in open court on April 22, 1963. At that time, certain letters were admitted in evidence, certain portions of the pleadings were also admitted, and statements made by respective counsel and written memoranda submitted for the benefit of the court.

From the evidence in the case, it appears that on January 31, 1963, the petitioner forwarded to the Bryn Mawr Trust Company satisfactions of award executed by the three clients and stated as follows:

"I will appreciate it if you will have your checks made to my order as attorney for the respective persons so that I will not need to send them to them for indorsement. My appearance is of course entered of record. These satisfactions are sent to you with the understanding that the checks in the proper amounts will be forthcoming."

By letter dated February 18, 1963, the executor forwarded the checks to the petitioner, with an accompanying letter stating as follows:

"We enclose three checks payable to Florence M. Shropshire, Ethel H. Golden and Howard M. Kay each in the amount of $195.94. We have not made the checks payable to you as attorney because it is our policy to always make the checks payable to the persons entitled to the funds as per the Schedule of Distribution."

It is noted that the written adjudication of this court dated August 3, 1961, contained an award in favor of

each of the petitioner's three clients, such awards being made directly in favor of the clients and not to the petitioner as their attorney.

It is also noted that the petitioner entered an appearance for the three beneficiaries at the time of audit and must, therefore, be recognized as their attorney of record. However, it does not appear that any of the said beneficiaries at any time executed a formal power of attorney appointing petitioner as attorney in fact with power and authority to have the distribution checks made payable to his order, nor does it appear that any of the said beneficiaries notified or requested the executor to make the distribution checks payable to the order of their attorney rather than directly to their respective orders.

After a careful study and review of the cases cited by the petitioner, this court remains unconvinced that a fiduciary would be justified in making distribution checks payable to the order of the attorney for the distributees rather than to the order of the distributees directly, in the absence of a formal power of attorney or a direct request made by the beneficiaries to the fiduciary. The request of the attorney for the beneficiaries is not sufficient to warrant such course of action by the fiduciary.

However, where beneficiaries are represented by counsel of record in this case, the fiduciary should deliver the distribution checks to the attorney rather than to the distributees directly. Once in possession of the attorney, he, of course, has a lien upon same until his proper fees and charges have been satisfied by his clients. This procedure effectively permits the fiduciary to complete distribution of the estate without undue delay and also effectively permits the attorney to retain control of the distribution checks until his proper fees and charges have been met or the court has directed other disposition in an action involving the attorney and his clients but not the fiduciary.

Accordingly, the respondent will be directed to redeliver the said checks to the petitioner who shall then be in position to attempt to reach an amicable disposition of the matter with his clients. If he is unable so to do, this court stands open to grant such relief as justice and equity may require.

Accordingly, the court enters the following

*Decree*

1. The rule to show cause heretofore entered in the above captioned matter is hereby vacated and discharged.

2. The petition heretofore filed in the above captioned matter is hereby refused and dismissed.

3. The respondent is hereby directed to redeliver to the petitioner the three checks in the amount of $195.94 each, payable to the order of Howard M. Kay, Ethel H. Golden, and Florence M. Shropshire respectively.

4. The petitioner is hereby granted leave to retain the said checks in his possession until disposition thereof has been settled amicably between him and his clients or by order of this court.

5. The parties to this proceeding shall bear their respective costs.

6. An exception is hereby allowed unto each party in interest.